IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICHARD HENTSCHEL,**<br><br>              **Plaintiff,**<br><br>    v.<br><br>**COUNTY OF DUPAGE, JENNIFER SINN, and MARGARET EWING,**<br><br>              **Defendants.** | **Case No. 21 C 6503**<br><br>**Judge Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Richard Hentschel ("Plaintiff") brings this discrimination claim against DuPage County, alleging violations of the Americans with Disabilities Act (the "ADA") and the Family and Medical Leave Act (the "FMLA"). Plaintiff also brings defamation claims against individual Defendants Jennifer Sinn and Margaret Ewing. Defendants have moved to dismiss Plaintiff's Complaint (Dkt. No. 9). For the reasons stated herein, Defendants' Motion to Dismiss is denied.

### I. FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint. Plaintiff was a senior budget analyst at Defendant DuPage County, starting around April 2019. (Compl. ¶ 7, Dkt. No. 1.) In November 2020, Plaintiff was approved to take leave under the FMLA. (*Id.* ¶ 9.) Plaintiff was approved to take leave to take care of his teenage daughter who was hospitalized for mental health issues.

(*Id.*) Plaintiff informed his supervisor, Jennifer Sinn, that he would be taking intermittent leave to take care of his daughter. (*Id.* ¶ 10.) Plaintiff periodically updated Ms. Sinn that his daughter's condition was taking a toll on him, both mentally and physically. (*Id.*) On December 21, 2020, Defendant DuPage County fired Plaintiff. (*Id.* ¶ 11.) On that day, Margaret Ewing handed Plaintiff a termination letter stating that Plaintiff was not performing well in his role. (*Id.*) Specifically, the letter stated that Plaintiff had made numerous errors in the 2021 financial plan and had failed to learn the new resource planning system. (*Id.*) The letter also stated that Plaintiff had previously been warned of performance failings. (*Id.* ¶ 25.) Plaintiff alleges that these statements are provably false. (*Id.* ¶ 11.) Plaintiff states that he received positive reviews and feedback, most recently in a performance review in the fall of 2020. (*Id.* ¶ 8.) Plaintiff alleges that he was not fired for poor performance, but instead for his relationship with his disabled daughter. (*Id*. ¶ 17.) Plaintiff also alleges that Defendants Sinn and Ewing defamed him by making and republishing false statements about his job performance. (*Id.* ¶¶ 25–27.)

On February 12, 2021, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission (the "EEOC"). (*Id.* ¶ 13.) On September 30, 2021, Plaintiff received a Right to

Sue letter from the EEOC. (*Id.* ¶ 14.) On December 6, 2021, Plaintiff filed his Complaint. (Dkt. No. 1). On February 7, 2022, Defendants filed their Motion to Dismiss. (Dkt. No. 9).

## II. LEGAL STANDARD

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of a complaint. To defeat a 12(b)(6) motion, the allegations in a complaint must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. At the motion to dismiss stage, a court must "accept [ ] as true all well-pleaded facts alleged, and draw [ ] all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

## III. DISCUSSION

### A. Associational Disability Discrimination Claim

Plaintiff's first claim is a claim that he was discriminated against because of his association with, and responsibility to care for, his disabled daughter. According to the Seventh Circuit, associational disability discrimination claims generally fall into

one of three categories: expense, disability by association, and distraction. *Magnus v. St. Mark United Methodist Church*, 688 F.3d 331, 336 (7th Cir. 2012). Expense arises when an employee is fired because the disabled person that they associate with is covered by the health plan. *Larimer v. International Business Machines Corp.*, 370 F.3d 698, 700 (7th Cir. 2004). Disability by association arises when an employee is fired because the employer believes that the employee may catch or develop the condition of the person the employee associates with. *Id.* Distraction arises when an employee is fired because the employee is inattentive at work because they are worried about the disabled person they associate with. *Id.*

If a claim falls into one of these three categories, a plaintiff will prevail if they establish that they were fired, that they were qualified for the job when they were fired, and that the employer knew about the disabled person plaintiff associates with. *Id.* at 336-337. If a claim does not fall into one of these three categories, a plaintiff must also establish that they were fired "under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision" to prevail. *Id.* at 701 (quoting *Den Hartog v. Wasatch Academy*, 129 F.3d 1076, 1085 (10th Cir. 1997)).

Here, the Court finds that Plaintiff did not allege facts in his Complaint such that the claim would fall under the expense, disability by association, or distraction categories. Plaintiff alleges that he disclosed to Ms. Sinn that his daughter's illness was taking a toll on him both mentally and physically. There are no allegations that Plaintiff was fired due to the expense DuPage County incurred due to his daughter's medical care. There are no allegations that DuPage County believed that Plaintiff would develop mental health issues from his daughter. There are no specific allegations that Plaintiff was distracted or inattentive at work because of his daughter's condition.

Even though Plaintiff has not pled facts sufficient to establish that he falls into one of the above categories, his claim survives the motion to dismiss. Plaintiff's Complaint alleges facts sufficient to support a cause of action for his discrimination claim. First, the Complaint specifically alleges that Plaintiff was fired. Second, the Complaint alleges that Plaintiff was qualified for his job at the time, stating he "had never been told his performance was lacking." (Compl. ¶ 12.) Third, the Complaint alleges that Defendants knew about Plaintiff's daughter's condition, as Plaintiff told Ms. Sinn about it. Fourth, the Complaint alleges that Plaintiff was fired because of his daughter's disability.

In response, Defendants argue that Plaintiff has failed to overcome a non-pretextual reason for dismissal. In other words, Defendants allege that Plaintiff has not alleged facts to show that he was fired due his daughter's condition, rather than deficient performance. Defendants rely on *Magnus v. St. Mark Methodist Church*, 688 F.3d at 331. In *Magnus*, the Seventh Circuit found that the plaintiff did not have a claim for associational disability discrimination. *Id.* at 339. There, the plaintiff as fired for poor performance and arriving to work late. *Id.* at 336. However, *Magnus* is inapplicable at this stage of the case. *Magnus* was a review of a district court's grant of summary judgment. Here, Defendant has filed a Motion to Dismiss. As such, this Court must take Plaintiff's factual allegations as true. One of Plaintiff's allegations is that any accusations of performance deficiencies are false. The Complaint instead alleges that Plaintiff was fired due to his association with his disabled daughter. Takins all of these allegations as true, the Court finds that Plaintiff has properly pled his associational disability discrimination claim.

### B. Discrimination and Retaliation in Violation of the FMLA

Plaintiff's second claim is that he was unlawfully discriminated or retaliated against for exercising his FMLA leave. Plaintiff's claim is properly characterized as a retaliation claim. *See Burnett v. LFW Inc.*, 472 F.3d 471, 477; *Goelzer v.*

*Sheboygan, Wis.*, 604 F.3d 987, 995-996. To state a claim for retaliation, a plaintiff must present evidence of "(1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Makowski v. Smithamundsen LLC*, 662 F.3d 818 (824) (7th Cir. 2011) (quoting *Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 593 (7th Cir.2008) (internal quotation marks omitted)).

The analysis of Plaintiff's FMLA claim is largely similar to the analysis of Plaintiff's ADA claim. Plaintiff alleges that he engaged in a statutorily protected activity, taking intermittent FMLA leave to care for his teenage daughter. Plaintiff also alleges that he was terminated by Defendant because he took his FMLA leave. Defendants raise the same argument here as they do in opposing Plaintiff's ADA claim. Again, Defendants' arguments are not proper at this stage, as the Court must accept Plaintiff's pleadings as true, and make all inferences in Plaintiff's favor.

### C. Defamation

Plaintiff's third claim is a defamation claim against Defendants Sinn and Defendant Ewing. In Illinois, defamation requires that a defendant made a false statement about a plaintiff, that there was an unprivileged publication of that statement, and that plaintiff suffered damages as a result. *Madison v. Frazier*, 539 F.3d 646, 653 (7th Cir. 2008) (citing *Seith v. Chicago Sun-*

*Times, Inc.*, 861 N.E.2d 1117, 1126 (Ill. App. Ct. 2007)). In Illinois, the re-publisher of a defamatory statement is also liable for defamation. *Brennan v. Kadner*, 814 N.E. 2d 951, 971 (Ill. App. Ct. 2004). To establish a claim against a re-publisher, a plaintiff must show that the re-publisher made the statement either with knowledge of its falsity, or with reckless disregard of its falsity. *Id.*

There are two types of defamation claims, defamation *per se* and defamation *per quod*. *Brennan v. Kadner*, 814 N.E.2d 951, 957 (Ill. App. Ct. 2004). A statement is defamatory *per se* if it is so harmful to one's reputation that damages are presumed. *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003). A statement is defamatory *per quod* if extrinsic facts show its defamatory meaning. *Id.* In Illinois, there are five categories of statements that are defamatory *per se*. *Id.* Two categories are relevant here. First, statements relating to "inability to perform or want of integrity in the discharge of duties of public office." *Id.* Second, "words that prejudice a party in her trade, profession, or business." *Id.* However, if a statement can be construed in an innocent, nondefamatory way, it cannot be the basis of a defamation *per se* claim. *Madison v. Frazier*, 539 F.3d 646, 653 (7th Cir. 2008); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003).

Plaintiff's Complaint alleges that the defamatory statements at issue were published in Plaintiff's termination letter, which was shared internally and placed in Plaintiff's personnel file. The Complaint alleges that the letter was written by Ms. Ewing, based upon information given to her by Ms. Sinn. The Complaint alleges that the letter contained false statements about Plaintiff's job performance. Specifically, the letter alleged that Plaintiff had made numerous errors in the 2021 financial plan, that Plaintiff refused to learn the ERP system, and that Plaintiff had been previously warned of poor performance. The Complaint alleges that Ms. Sinn knew these statements were false, and that Ms. Ewing published the statements with a reckless disregard for their falsity.

The Court finds that the statements in Plaintiff's termination letter are not defamatory *per se*. The Complaint alleges that the termination letter was shared internally and placed in a personnel file. The statements in the letter were not so harmful to Plaintiff's reputation such that the Court will presume damages. Further, the statements are capable of innocent construction. The statements were related to specific failings and did not allege that Plaintiff was unable to do his job as a general matter. However, the Court finds that, at this stage, the Plaintiff has alleged facts sufficient to support a defamation *per quod* claim.

The Complaint alleges that because of the statements in the letter, Plaintiff lost his job, resulting in lost wages.

In response, Defendant argues that the defamation claim cannot proceed because of a provision of the Illinois Tort Immunity Act, 745 ILCS 10/2-210. That section states, in relevant part, that public employees are not liable for injuries caused by negligent misrepresentations. *Id.* The parties dispute whether Defendants may raise what is essentially an affirmative defense at this stage of the proceedings. Regardless of the answer to the question of when the defense can be raised, it is inapplicable. Section 2-210 states that public employees are not liable for their negligent misrepresentations. However, Plaintiff alleges that the statements at issue here were lies, and Ms. Sinn knew it. Plaintiff alleges that Ms. Ewing recklessly disregarded their falsity when she published the comments in Plaintiff's termination letter. Taken as true, Defendants actions are more than just negligent misrepresentations. As such, Section 2-210 of the Illinois Tort Immunity Act provides no defense here.

In the alternative, Defendants argue that the Ms. Ewing should be dismissed as a defendant. In support of this argument, Defendants state that Plaintiff failed to allege that Ms. Ewing knew that the statements were false. Here, Ms. Ewing is a re-publisher of allegedly defamatory statements. As such, Plaintiff

can properly sustain his claim if he alleges that Ms. Ewing published the statements with reckless disregard of their falsity. The Complaint alleges just that, adding that the statements resulted in lost wages and reputational damages. As such, Plaintiff has properly stated a defamation claim against Ms. Ewing.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (Dkt. No. 9) is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　United States District Court

Dated: 6/9/2022